UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CANAL STREET FILMS, INC. <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-104, <br> Defendants. | Civil Action No. 13-cv-7 <br><br> AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND CIVIL CONSPIRACY <br><br> JURY DEMAND |

Plaintiff Canal Street Films, Inc. hereby alleges the following causes of action against Defendants.

## I.   PARTIES

1. Plaintiff Canal Street Films, Inc. is a corporation of California having a principal place of business at 5706 Cherokee Circle, Simi Valley, CA 93063.

2. The true names of Defendants are unknown to Plaintiff at this time. Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider and the date and at the time at which the infringing activity of each Defendant was observed. Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and permit Plaintiff to amend this Complaint to state the same. Plaintiff further believes that additional information

COMPLAINT - 1
Civil Action No. 13-cv-7
SMED-6-0001 P06 AMDCMP

LOWE GRAHAM JONES ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

obtained will lead to the identification of additional infringing parties, as monitoring of online infringement of Plaintiff's motion picture is ongoing.

## II. JURISDICTION AND VENUE

3. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 US.C. § 101 et seq.).

4. This Court has jurisdiction under 17 US.C. § 101 et seq.; 28 US.C. § 1331 (federal question); and 28 US.C. § 1338(a) (copyright).

5. Venue in this District is proper under 28 US.C. § 1391(b) and/or 28 U.S.C. §1400(a). Although the true identity of each Defendant is unknown to Plaintiff at this time, on information and belief each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of Plaintiff as exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which Plaintiff has exclusive rights. Such unlawful distribution occurred in every jurisdiction in the United States, including this one.

## III. JOINDER

6. Pursuant to Fed.R.Civ.P. 20(a)(2), each of the Defendants is properly joined because: (a) each of the Defendants is jointly and severally liable for the infringing activities of each of the other Defendants; (b) the infringement complained of herein by each of the Defendants was part of a series of transactions, involving the same (identical) pieces of Plaintiff's copyrighted work; (c) there are common questions of law and fact; and each of the Defendants actively participated in a conspiracy to perform an illegal act and/or injure Plaintiff through use of the BitTorrent protocol (described below) to infringe Plaintiff's copyrighted work.

COMPLAINT - 2
Civil Action No. 13-cv-7
SMED-6-0001 P06 AMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## IV.    PLAINTIFF'S BUSINESS AND COPYRIGHTS

7.    Plaintiff is a developer and producer of motion pictures and television shows for theatrical exhibition, home entertainment and other forms of distribution. Plaintiff is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in at least one motion picture that has been unlawfully distributed over the Internet by the Defendants.

8.    Plaintiff brings this action to stop Defendants from copying and distributing to others over the Internet unauthorized copies of Plaintiff s copyrighted motion picture. Defendants' infringements allow them and others unlawfully to obtain and distribute for free unauthorized copyrighted works that Plaintiff spends millions of dollars to create and/or distribute. Each time a Defendant unlawfully distributes a free copy of Plaintiff's copyrighted motion picture to others over the Internet, each person who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality. Thus, a Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

9.    The manner of the transfer of authorized transfer of Plaintiff's motion picture occurs, in this situation, among the peer-to-peer ("P2P") network users using a protocol called a "BitTorrent protocol" or "torrent," which is different than the standard P2P protocol used for such networks as Kazaa and Limewire. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network. The initial file provider intentionally elects to share a file with a torrent network. This initial file is called a seed. Other users ("peers") in the network connect to the seed file to download. As additional peers request the same file each additional user becomes a part of the network from where the file can be downloaded. However, unlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from each user who has already downloaded the file that together comprises the whole. This piecemeal system with multiple

COMPLAINT - 3
Civil Action No. 13-cv-7

pieces of data coming from peer members is usually referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.

10. The distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, because of the nature of the swarm downloads as described above, every infringer is simultaneously stealing copyrighted material from many ISPs in numerous jurisdictions around the country.

11. Defendants actions are part of a common design, intention and purpose to hide behind the anonymity provided by the Internet and the BitTorrent technology to download pieces of the Copyrighted Motion Pictures in a manner that, but for the investigative technology used by Plaintiff, would be untraceable, leaving the Plaintiff without the ability to enforce its copyright rights. By participating in the "swarm" to download Plaintiff's Copyright Motion Picture, the Defendants agreed with one another to use the Internet and BitTorrent technology to engage in violation of federal statute to accomplish and unlawful objective.

## V.   CAUSES OF ACTION

COUNT I:   COPYRIGHT INFRINGEMENT

12. Plaintiff realleges the substance of the prior paragraphs.

13. Plaintiff was responsible for the production of the commercially released motion picture titled "Scary or Die" starring Domiziano Arcangeli, Corbin Bleu, Bill Oberst, Jr. and

COMPLAINT - 4
Civil Action No. 13-cv-7
SMED-6-0001 P06 AMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Christopher Darga that has significant value and has been produced and created at considerable expense.

14.   At all relevant times Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the copyrighted motion picture "Scary or Die" ("Copyrighted Motion Picture," including derivative works). The Copyrighted Motion Picture is the subject of a valid Certificate of Copyright Registration (Registration No. PA-1-810-569) issued by the Register of Copyrights on October 26, 2012. (Exhibit A).

15.   The Copyrighted Motion Picture contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

16.   Plaintiff is informed and believes that each Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the Copyrighted Motion Picture. Plaintiff has identified each Defendant by the IP address assigned to that Defendant by his or her ISP and the date and at the time at which the infringing activity of each Defendant was observed. (Exhibit B). In doing so, each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 US.C. § 101 et seq.). On information and belief, each Defendant participated in a swarm and/or reproduced and/or distributed the same seed file of Plaintiff's Copyrighted Motion Picture in digital form with each other.

17.   The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

COMPLAINT - 5
Civil Action No. 13-cv-7
SMED-6-0001 P06 AMDCMP

LOWE GRAHAM JONES pllc
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

18. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 US.C. § 504 and to its attorneys' fees and costs pursuant to 17 US.C. § 505.

19. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all copies of Copyrighted Motion Picture made in violation of Plaintiff's copyrights.

COUNT II:   CIVIL CONSPIRACY

20. Plaintiff realleges the substance of the prior paragraphs.

21. Defendants and others acting in concert, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the Copyrighted Motion Picture. The infringing activity against Plaintiff was in furtherance of a common design, intention and purpose, namely, to participate in a swarm and/or reproduce and/or distribute the same seed file of Plaintiff's Copyrighted Motion Picture in digital form with each other, thereby violating Plaintiff's exclusive rights of reproduction and distribution as protected under the Copyright Act of 1976 (17 US.C. § 101 *et seq.*).

22. As a proximate consequence of Defendants' civil conspiracy, Plaintiff has suffered damages for which all Defendants are jointly and severally liable, in amounts to be proven at trial.

VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

COMPLAINT - 6
Civil Action No. 13-cv-7
SMED-6-0001 P06 AMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

    A.    An order preliminarily and permanently enjoining each Defendant from directly or indirectly infringing Plaintiff's rights in the Copyrighted Motion Picture and any motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff ("Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy, distribute or otherwise make available for distribution to the public Plaintiff's Motion Pictures, except pursuant to a lawful license or with the express authority of Plaintiff. Each Defendant also shall destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in each Defendant's possession, custody, or control.

    B.    For actual damages or statutory damages pursuant to 17 U.S.C. § 504 or other applicable provision, at the election of Plaintiff.

    C.    For Plaintiff's reasonable attorneys' fees and costs.

    D.    For such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED this 23rd day of May, 2013.

    s/David A. Lowe, WSBA No. 24,453
    Lowe@LoweGrahamJones.com
    LOWE GRAHAM JONES$^{PLLC}$
    701 Fifth Avenue, Suite 4800
    Seattle, WA 98104
    T: 206.381.3300

    Attorneys for Plaintiff Canal Street Films, Inc.

COMPLAINT - 7
Civil Action No. 13-cv-7
SMED-6-0001 P06 AMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301